UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

United States of America,
   Plaintiff
      v.

Eliu Irizarry-Negron,
   Defendant.

Criminal No. 00-056 (HL)

## STATEMENT OF THE RECORD

### Background

The Court of Appeals remanded this matter for preparation of a statement of the record in accordance with Fed. R. App. P. 10(c). The Court met with and received the input of defendant's counsel at the change of plea hearing, Yolanda A. Collazo;[1] counsel on appeal, Laura Maldonado; and Assistant U.S. Attorney Sonia Torres. (*See* docket no. 213).

### Change of Plea Proceedings

On March 14, 2001, a Change of Plea hearing was held. (*See* docket no. 137). A plea agreement was presented to the Court. (*See* docket no. 136). Defendant was placed under

---

[1] Counsel Collazo filed a motion regarding the change of plea hearing, attesting that defendant's guilty plea was voluntarily made and that there was a factual basis for the plea. (*See* docket no. 215). No objection thereto has been filed.

1

oath. The Court addressed him in open court to ensure itself that defendant's plea was a valid plea. At the Court's inquires, defendant stated his full name, education, and background; that he had not taken any medicine, pills, or alcoholic beverages in the past twenty-four hours; that he had never been treated by a physician for any mental or emotional condition. After inquirying from counsel for the defendant and for the government as to whether they had any doubts as to defendant's mental capacity to plead guilty, and obtaining negative responses, the Court found defendant competent to plea.

The Court then inquired from defendant whether he had discussed the plea agreement with his counsel, and whether he understood the meaning and consequences of the plea agreement. Defendant responded affirmatively, and further acknowledged his signature and initials on the plea agreement. During the plea colloquy, defendant acknowledged that he was satisfied with counsel, Yolanda Collazo, and the way she has represented him. The Court then asked whether he wished to make any changes to that statement. His answer was no.

The Court then proceeded to follow the plea agreement. Defendant acknowledged that he agreed to plead guilty to the one count indictment before the Court, charging him with violating Title 21, U.S. Code, Section 846, in knowingly, willfully, and intentionally conspiring to possess with intent to distribute more than five (5) kilograms of cocaine and more than one (1) kilogram of heroin. Both defendant and the government agreed and stipulated that defendant was going to be accountable for four (4) kilograms of cocaine.

Defendant, upon the Court's inquiries, acknowledged that he had discussed the indictment with counsel and that he understood the nature of the offense for which he was being charged in count one. Defendant was advised, and he acknowledged, that the penalty for the offense for conspiracy to posses with intent to distribute the adjusted four (4) kilograms of cocaine is a term of imprisonment which shall be not less than five (5) years and not more than forty (40) years, a fine not to exceed two million dollars ($2,000,000.00), and a term of supervised release of at least four (4) years. Defendant was advised about the consequences of violating the conditions of supervised release.

Defendant acknowledged that the Court shall impose a sentence in accordance with the sentencing guidelines, without regard to the statutory minimum if the Court found that defendant meets the requirements of the safety valve. Those requirements were explained to defendant. The Court further advised defendant that all the requirements were to be satisfied in the conjunctive, not in the disjunctive. Defendant acknowledged that parole has been abolished.

To assure defendant's comprehension and full awareness of his rights, defendant was advised of his rights to:

1. Plead not guilty, and to a trial by jury as to his guilt or innocence.

2. Remain silent and be assisted by counsel.

3. Confront and cross-examine the witnesses that will testify against him at trial.

4. Summon and have witnesses present to testify on his behalf.

5. Be presumed innocent until proven guilty beyond a reasonable doubt because the burden of proof is always on the government.

6. Have a verdict rendered by an unanimous jury before he can be convicted.

Defendant was further advised that his sentence shall be imposed within the sound discretion of the Court; that the Court may impose a sentence within the statutory maximum, and should the Court impose a sentence within the statutory maximum established by the statute, the defendant cannot – for that reason alone– withdraw his guilty plea; and that the Court was not bound by the plea agreement.

Defendant agreed to the following Sentencing Guideline calculations:

>  Four kilograms of cocaine . . . . .  Level 30
>
>  Leadership role . . . . . . . . . . . . . .  2 level increase
>
>  Accepting Responsibility . . . . . .  2 level decrease
>
>  Total offense level . . . . . . . . . . .  30.

Defendant agreed that he is not eligible for the safety valve because he will not provide information to the government; and further acknowledged that the Court may not sentence him below the mandatory statutory minimum of five (5) years. Defendant acknowledged that he was aware that the written plea agreement constituted the entire plea agreement between him, his counsel and the government. He also acknowledged that the

government had made no promise or representations other than those set forth in writing in the plea agreement. The Court advised defendant that the plea agreement may not be amended or modified in any manner, unless in writing and signed by all parties; and that oral representations would be insufficient.

The Court inquired whether defendant had been coerced, threatened or intimidated into pleading guilty, to which he responded that he was pleading guilty freely and voluntarily because he was guilty as charged.

Lastly, the Court asked defendant as to whether he had examined and discussed with counsel the written Statement of Facts attached to the plea agreement, which he had. Defendant stated that he and his lawyer both signed the plea agreement. The Assistant U.S. Attorney, Patricia Sulzbach, stated on the record the government's version of the facts to establish defendant's guilt beyond a reasonable doubt. Thereafter, the Court asked defendant if he agreed with the prosecutor's version of the facts. He responded that he agreed. The written plea agreement was filed and made part of the docket. (*See* docket no. 215). When asked, "How do you plead," defendant answered "guilty."

The Court found that defendant's guilty plea was knowingly, intelligently and voluntarily made; that he had been advised by a competent and experienced attorney with whom he had stated, both orally and in writing, that she had rendered effective legal assistance. The Court further found that because defendant acknowledged the prosecutor's version of the facts to show at trial that he is guilty as charged in the one count indictment

beyond a reasonable doubt, and further found a factual predicate for the guilty plea, the Court accepted the guilty plea and entered a judgment of guilty as to the one count indictment. A presentence report was ordered. Defendant was advised to cooperate with the Probation Office.

The Clerk shall forward this statement of the record to the Court of Appeals in No. 01-2690.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 8, 2005.

S/ HECTOR M. LAFFITTE
United States District Judge